## L. J. STEPHENS v. STATE.

No. A-5294. Opinion Filed March 6, 1926.
(243 Pac. 980.)

388

S. E. Dunn and W. S. Meyer, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. The information charged that L. J. Stephens, defendant, did have in his possession four one gallon containers and 19 pints of corn whisky with the unlawful intent to sell the same. The jury returned a verdict finding him guilty and fixing his penalty at a fine of $300 and confinement in the county jail for four months. From the judgment rendered on the verdict he appeals.

The assigned grounds for reversal are that the evidence does not support the verdict.

The evidence shows that Mayfield, Atkins, and Whitenack, deputy sheriffs, went to the neighborhood where the defendant resides.

Mayfield testified that he was on a high bank where Coal creek made a little bend about 40 steps from the defendant's place and saw the defendant feeling with his feet in the creek, and while he was watching him, the defendant took out five or six tow sacks and laid them on the bank; that he was within ten or twelve feet of him and he saw another fellow coming up there and ran towards the defendant, who crossed the creek and entered a cornfield; then he searched the other man and did not find any whisky;

that he found four gallon cartons filled with corn whisky, and 19 pints of corn whisky in the sacks.

Atkins testified that he saw a man run across the creek as Mayfield hollered at him; that he rushed down and found Mayfield searching another man.

At the close of the evidence for the state a directed verdict of not guilty was asked on the ground that the evidence was insufficient to connect the defendant with the offense charged. The motion was overruled, and exception taken.

As a witness in his own behalf the defendant, Stephens, testified that he was not taking any whisky out of the creek, but that he appeared the first time going out of his driveway when Mr. Mayfield accosted him and directed him to stop, at which time he searched him; that he did not have any whisky; that he saw the other man whom the officers testified about east of his place down towards the creek; that it was just about dusky dark.

It is urged that the witness Mayfield did not sufficiently identify the defendant as the guilty person, and that since the defendant denied under oath that he was down to the creek, and the other witnesses for the state could not identify the defendant, Stephens, as the guilty person, the conviction should not be permitted to stand.

We are of opinion that the evidence is sufficient to connect the defendant with the commission of the offense. Generally speaking, the testimony of one witness, if relevant and accepted by the jury, may sustain a conviction, even though the defendant positively denies under oath that he committed the offense.

Finding no error in the record, the judgment is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.